**Ernest J. GRAY, Plaintiff,**

v.

**MOORE BUSINESS FORMS, INC., a Delaware corporation; and Does 1 through 25, inclusive, Defendants.**

**No. C 88–4996 MHP.**

United States District Court, N.D. California.

May 5, 1989.

Thomas J. Gundlach, San Francisco, Cal., for plaintiff.

Cynthia H. Plevin and Stuart W. Miller, Sedgwick, Detert, Moran & Arnold, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

PATEL, District Judge.

Defendant Moore improperly removed this diversity action to federal court pursuant to 28 U.S.C. § 1441(a) as amended. The matter is now before the court on plaintiff's motion to remand. Plaintiff failed, however, to move within thirty days of removal, thereby waiving any procedural defects. The court, having considered the arguments and papers of the parties, denies plaintiff's motion.

### BACKGROUND

On December 7, 1987, plaintiff filed a wrongful constructive discharge action in Marin County Superior Court. Named as defendants were the employer, Moore Business Forms, Inc., and twenty five fictitious Doe defendants. Under prevailing case law at that time, the presence of Doe defendants destroyed diversity, preventing removal. *Bryant v. Ford Motor Co.*, 844 F.2d 602, 605 (9th Cir.1987) (en banc), *cert. vacated,* —— U.S. ——, 109 S.Ct. 542, 102 L.Ed.2d 572 (1988). On November 19, 1988, the Judicial Improvement and Access to Justice Act ("Act") (codified, in part, at 28 U.S.C. §§ 1441, 1446, 1447), became law, thereby permitting diversity jurisdiction in cases despite fictitious defendants. Defendant Moore removed the action to this court on December 16, 1988. On February 6, 1989, plaintiff moved to remand the case to state court.

### DISCUSSION

A diversity action will be remanded to state court for two reasons: (1) lack of subject matter jurisdiction; and (2) procedural defects in the removal process. 28 U.S.C. § 1447(c). Each basis of remand will be discussed in turn.

#### a. Subject Matter Jurisdiction

Contrary to plaintiff's argument, the remand provisions based on lack of subject matter jurisdiction do not apply in this case. Amendments to 28 U.S.C.

§ 1441(a), effective November 19, 1988, overruled *Bryant*, 844 F.2d at 605, where the Ninth Circuit held that the presence of Doe defendants destroyed diversity jurisdiction. *See Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1423–24 n. 9, 1425 (9th Cir.1989) (28 U.S.C. § 1441(a), as amended, "took effect upon passage and applies to cases pending on that date.").

The purpose of the 1988 amendment to section 1441(a) was to establish diversity jurisdiction despite the presence of fictitious defendants. Diversity is the sole touchstone for jurisdiction under subparagraph (a) of section 1441. If diversity is not present or is lost the court must remand and may do so at any time. *See* 28 U.S.C. § 1447(c).

As of the date of removal, December 16, 1988, the parties satisfied the diversity requirements of 28 U.S.C. § 1332(a). Plaintiff resides in California and defendant is a Delaware corporation with its principal place of business in Illinois. This court, therefore, had subject matter jurisdiction when the action was removed on December 16, 1988. Since removal, no intervening event has destroyed diversity.

### b. Procedural Defects

Although the court had subject matter jurisdiction under 28 U.S.C. § 1441(a), at the time of Moore's removal on December 16, 1988, the removal was procedurally improper for two reasons.

■ First, this court has found that the amendment of section 1441(a) does not constitute a "paper" triggering the thirty-day period in which defendant could properly remove. *Coman v. International Playtex, Inc.*, No. C–88–5046, slip op. at 5–7 (N.D.Cal. Apr. 19, 1989) (Patel, J.); *Ehrlich v. Oxford Ins. Co.*, 700 F.Supp. 495 at 498 (N.D.Cal.1988); *Chen v. China Airlines, Ltd.*, 89 Daily Journal D.A.R. 1379, 1379 (N.D.Cal. Jan. 26, 1989) (Schwarzer, J.).

■ Second, 28 U.S.C. § 1446(b), as amended, prohibits removal more than one year after commencement of a suit. In this circuit, courts have given retrospective application to subsection (b) because the change is a procedural one that does not alter the effects of defendants' prior acts or expand defendants' liability beyond the limit foreseeable under prior law. *Phillips v. Allstate*, 702 F.Supp. 1466, 1471 (C.D. Cal.1989); *see Chen*, 89 Daily Journal D.A.R. at 1379. Because this action was commenced on December 7, 1987,[1] and not removed until December 16, 1988, defendant's removal was improper.

Remand based on procedural defects is governed by 28 U.S.C. § 1447(c), as amended. Under the previous version of section 1447(c), plaintiff could move for remand based on procedural defects at any time. Currently, however, amendments to section 1447(c), effective November 19, 1988, impose a thirty-day limit from the filing of notice of removal in which plaintiff can move for remand. 28 U.S.C. § 1447(c).

■ Because the thirty day time limit imposed by section 1447(c) is procedural in nature, it applies to this case since the case was pending at the time the amendments were enacted. "The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir.1980). Procedural changes have retrospective effect unless Congress specifically dictates otherwise, *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037, 1039 (9th Cir.1985), or a manifest injustice is created, *California Cartage Co. v. United States*, 802 F.2d 353, 357 (9th Cir.1986).

This circuit has found no manifest injustice in applying related sections of the Act retrospectively to pending cases. *Kruso*, 872 F.2d at 1425–26 (section 1441(a) "is a procedural enactment which does not alter substantive rights" and is therefore applicable to cases pending at the date of the amendment's passage); *see also Coman*,

---

1. *See* Cal.Civ.Pro.Code § 350 (West 1982) (action commences on date of filing); *Coman v. International Playtex, Inc.*, No. C–88–5046, slip op. at 7 (N.D.Cal. Apr. 19, 1989) (Patel, J.) (commencement governed by law of state in which the action originated).

No. C–88–5046, slip op. at 9 (applying section 1446(b) to pending case); *see also Phillips*, 702 F.Supp. at 1471 (section 1446(b) applied to pending case). The court likewise finds that the application of section 1447(c) to this case will not result in manifest injustice since it will not alter or eliminate any substantive rights. Although plaintiff's procedural posture may be affected in some way, he took the risk that such an event might occur when he failed to comply with the clear mandate of subsection (c) that a motion to remand *must* be made within thirty days after filing of the notice of removal. 28 U.S.C. § 1447(c). Because plaintiff did not meet this deadline, he waived the procedural defects.

CONCLUSION

Although defendant improperly removed, plaintiff failed to move for remand within the statutory time limit. Accordingly, plaintiff's motion to remand is denied.

IT IS SO ORDERED.