James S. TAYLOR, individually and as Representative of the Estate of Linda Marie Taylor, Deceased, and as Father and Next Friend of Cameron Taylor, Adam Taylor and Benedict Taylor, Minors, Plaintiffs,

v.

ST. LOUIS SOUTHWESTERN RAILWAY COMPANY; Southern Pacific Transportation Company and Union Pacific Railroad Company, et al.; F.S. Altergott; A.M. Henson; W.J. Lacy; H.D. Fisher; R.D. Bredenburg, Defendants.

Civ. A. No. 88–4036–S.

United States District Court, D. Kansas.

June 30, 1989.

Harold W. Nix, Daingerfield, Tex., Thomas M. Stanley, Bankston, McDowell & Stanley, Houston, Tex., Winton A. Winter, Jr., Stevens, Brand, Lungstrum, Golden & Winter, Lawrence, Kan., for plaintiffs.

Norman C. Russell, Atchley, Russell, Waldrop & Hlavinka, Texarkana, Tex., Mark L. Bennett, Jr., Bennett, Dillon & Callahan, Topeka, Kan., Charles D. McAtee, Eidson, Lewis, Porter & Haynes, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion to remand and on defendants A.M. Henson ("Henson") and R.D. Bredenburg's ("Bredenburg") motion to dismiss. This case arises out of a car/train collision that occurred on July 29, 1987, near Williamstown, Kansas. On August 31, 1987, plaintiffs filed suit in the District Court of Morris County in the state of Texas. On September 25, 1987, defendants removed this case to the United States District Court for the Eastern District of Texas. On February 17, 1988, pursuant to an earlier order of the Texas federal court, this case was transferred to the District of Kansas. On April 11, 1989, plaintiffs filed the present motion to remand. Plaintiffs have requested oral argument on his motion to remand. The court has determined that oral argument would not be of material assistance in the determination of this matter. Rule 206(d), Rules of Practice of the United States District Court for the District of Kansas.

Plaintiffs are residents of Kansas. It is established for the purpose of this motion that none of the defendants are citizens of the state of Kansas. Complete diversity, therefore, exists among the parties. Thus, the court has proper subject matter jurisdiction of this action. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *see also* 28 U.S.C. § 1441(a). For the purposes of this motion, the court will accept plaintiffs' contention that defendant St. Louis Southwestern Railway Company and defendant Union Pacific Railroad Company have their principal place of business in the state of Texas. Also, it is established that defendants Henson and Bredenburg are citizens of the state of Texas. Based on the fact that these defendants are citizens of the state of Texas, plaintiffs contend that removal to the federal courts was improper under 28 U.S.C. § 1441(b). This section states that a diversity action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."

The court finds that although it has proper subject matter jurisdiction of this action, this action was improperly removed to the federal court because of the procedural guidelines for removal which are set out in section 1441(b). Defendants seek remand of this action based on this proce-

dural defect in its removal. Remand based on procedural defects is governed by 28 U.S.C. § 1447(c). This section was amended on November 19, 1988 by section 1016 of the Judicial Improvement and Access to Justice Act. Prior to that time, the plaintiff could move for remand based on procedural defects at any time during the litigation. The amendments to this section, however, imposed a thirty day limit from the time of the filing of the removal notice in which plaintiff can move for remand based on procedural defects. *See* 28 U.S.C. § 1447(c) (1988) ("A motion to remand the case on the basis of any defect in removal procedure must be made within thirty days after the filing of the notice of removal under section 1446(a).").*

The question now before the court is whether the November 19, 1988 amendments to section 1447(c) should be applied to pending cases and in particular the present case. Numerous courts have held that various amendments to the removal statutes made in 1988 are purely procedural and thus apply retroactively to pending cases. *See Greer v. Skilcraft,* 704 F.Supp. 1570, 1577 (N.D.Ala.1989) and *Cowan v. Central Reserve Life of North America Ins.,* 703 F.Supp. 64, 65 (D.Nev.1989) (applying 1988 amendment regarding defendants sued under fictious names). New procedural statutes are generally retroactive absent contrary legislative indication. *See Denver & Rio Grande R.R. Co. v. Brotherhood of R.R. Trainmen,* 387 U.S. 556, 563, 87 S.Ct. 1746, 1750, 18 L.Ed.2d 954 (1967). Unless retroactive application would result in a manifest injustice to the parties, or there is a clear expression of legislative intent to the contrary, the procedural statute is generally given retroactive effect. *Bradley v. School Bd. of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). To show manifest injustice, one must show that the new statute would alter effects of prior actions, eliminate vested rights of the parties or impair substantive rights of the parties. *See Phillips v. Allstate,* 702 F.Supp. 1466, 1469 and 1471 (C.D.Cal.1989). In the present case, plaintiffs have failed to show that a retroactive application of the amendments to section 1447 would result in any manifest injustice or impair any of their substantive rights. Changes in the procedural statutes regulating removal and remand affect only the forum where the dispute is to be resolved, and not the substantive rights of the parties.

In a case dealing with the exact issue before this court, the United States District Court for the Northern District of California held, this past month, that the November 19, 1988 amendments to section 1447(c) are to be applied retroactively to cases which were pending before the amendments took effect. *Gray v. Moore Business Forms, Inc.,* 711 F.Supp. 543 (N.D. Cal.1989). The *Gray* court held that the thirty day time limit imposed by section 1447(c) "applies to this case since the case was pending at the time the amendments were enacted." The California court further found that the application of the thirty day limit would "not result in manifest injustice since it will not alter or eliminate any substantive rights." This court agrees with the findings of the California court in *Gray* and finds the new thirty day limit within which to file a motion to remand based on procedural defects in removal is applicable to the present case. In the present case, plaintiffs did not move to remand the present case until eighteen months after defendants had removed this case to federal court. Thus, under the current version of 28 U.S.C. § 1447(c), plaintiffs' motion is untimely and therefore will be denied. The court further finds that the application of this amended statute to the present case does not result in any manifest injustice to any of the parties.

Also, before the court is defendant Henson and defendant Bredenburg's motion to dismiss. The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Building*

* The court, however, retains power to remand the case at any time before final judgment if "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c) (1988).

*Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Mangels v. Pena,* 789 F.2d 836, 837 (10th Cir.1986). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ Defendants Bredenburg and Henson contend that although they are employees of defendant St. Louis Southwestern Railway Company, they had no involvement with the operation or supervision of the operation of the train involved in the incident at Williamstown, Kansas. These defendants contend that plaintiffs have failed to assert any claims of negligence on their part. Further, these defendants contend that without specific allegations against them individually, any liability for their actions would rest with their employer under the doctrine of *respondeat superior.*

It is well established that an individual is responsible for any tortious conduct he may commit, even if it occurs during the course of his employment. His employer, under the doctrine of *respondeat superior,* may also be liable. *Russell v. American Rock Crusher, Inc.,* 181 Kan. 891, 894, 317 P.2d 847, 849 (1957). In response, plaintiffs contend that these two individual defendants have been negligent in the performance of their responsibilities and duties and, as a result, the train involved in this case did not operate properly. Specifically, plaintiff makes allegations against defendant Bredenburg contending that he was responsible for setting up operations and procedures for sprint train operations. The train involved in this case was a sprint train, originating in El Paso, Texas and bound for Kansas City. Plaintiffs contend they can present evidence that defendant Bredenburg breached his duty by failing to develop a policy or procedure for the operation of sprint trains, which resulted in a lack of understanding by the train crew on exactly what their job responsibilities and duties were. Also, plaintiffs contend that defendant Henson, a mechanical supervisor with the St. Louis Southwestern Railway Company, was responsible for the sprint trains based in El Paso, Texas. He is superintendent of the San Antonio, Texas division. Plaintiffs contend that defendant Henson was responsible for the maintenance of sprint trains leaving El Paso, Texas, regarding their operating and mechanical condition. Plaintiffs contend that Henson failed to inspect the braking system of the train and that a brake failure caused or contributed to the accident.

The court finds that at this juncture in the litigation, it cannot find that plaintiffs can establish no set of facts under which it could be entitled to recover against defendants Bredenburg and Henson. Plaintiffs have alleged that these defendants may be liable for their failure to perform duties and responsibilities placed upon them regarding the sprint train operation out of Texas. The court finds these allegations sufficient to withstand defendants' motion to dismiss at this time.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion to remand this action to state court in Texas is denied. IT IS FURTHER ORDERED that defendants Bredenburg and Henson's motion to dismiss is denied.