Corinthia Louise WILSON,
Plaintiff–Appellant,

v.

GENERAL MOTORS CORPORATION,
Defendant–Appellee.

No. 88–8639.

United States Court of Appeals,
Eleventh Circuit.

Nov. 16, 1989.

H. Sanders Carter, Jr. and Anthony J. McGinley, Carter & Ansley, Atlanta, Ga., for plaintiff-appellant.

Lanny B. Bridgers and Sandra E. Strippoli, King & Spalding, Atlanta, Ga., for defendant-appellee.

Before CLARK and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

## FACTS:

In 1984, Corinthia Louise Wilson sued General Motors Corporation ("GMC") in state court, alleging that she was injured while servicing the cooling system of a bus. Wilson also named as defendants John Does A, B, and C, alleging that GMC and the Doe defendants were jointly liable for the allegedly defective design and manufacture of the bus. The complaint contained no information on the residence or citizenship of the Doe defendants or on Wilson's residence or citizenship.

On January 23, 1986, GMC received Wilson's responses to its Requests for Admission. Although Wilson had earlier revealed her domicile to GMC, these responses disclosed for the first time that she had no information that any person or entity other than GMC would be a proper defendant in this case. GMC filed a removal petition the next day.

On February 24, 1986, Wilson filed a motion to remand the action to state court, claiming that GMC's removal petition was untimely. In her motion, Wilson admitted complete diversity and satisfaction of the jurisdictional amount. The district court declined to remand.

After trial, the jury returned a verdict for GMC, and final judgment was entered on July 20, 1988. Wilson appealed on the sole ground that the district court erroneously denied her motion to remand. We affirm the judgment.

## DISCUSSION:

On November 19, 1988, thirty-three months after removal, three months after entry of the judgment on the jury verdict, and three months after Wilson filed her notice of appeal, the President signed the Judicial Improvements & Access to Justice Act, Pub.L. No. 100–702, 102 Stat. 4669 (1988) (the "Act").

Section 1016 of the Act changes procedures allowing removal of cases to federal court. Of interest here is Section 1016(b)(2)(B), which adds a one-year limitation on removal under 28 U.S.C. sec. 1446(b):

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service of process or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleadings is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than *1 year after commencement of the action.* (emphasis added).

No effective date for Section 1016(b)(2)(B) is expressed. "The Act specifies an effective date for many of its titles and particular sections, but not for Section 1016, for the title in which Section 1016 is found (Title X), or for the Act as a whole. Therefore, the effective date of Section 1016 is the date the Act was enacted, *i.e.,* November 19, 1988, the day it was signed by the President." *Greer v. Skilcraft,* 704

F.Supp. 1570, 1573 (N.D.Ala.1989) (en banc district court).

■■■ GMC filed its removal petition more than one year after the commencement of the action but well before the enactment of Section 1016. One issue presented by this case is whether this one-year procedural bar applies retroactively to cases which have been removed and brought to final judgment before November 19, 1988, but which are still pending in federal appellate courts. We hold that the one-year procedural bar does not require federal courts to remand such cases to the state courts.[1]

This is a case of first impression. While several cases have held that Section 1016(b)(2)(B) of the Act applies retroactively to pending cases, none have held that a federal court must remand to state court a case that was removed prior to November 19, 1988, if the removal occurred "more than one year after the commencement of the action" in state court.[2]

■■■ For the purpose of applying the one-year limitation, Section 1016(b)(2)(B) looks forward. The limitation applies only to removals initiated after the effective date of the Act, November 19, 1988. This construction coincides with the words and silences of 28 U.S.C. sec. 1446(b): the section uses words such as "shall be"; more im-

portant, words signalling an effect on past events, such as, "heretofore," "theretofore," and "has been" are absent. In addition, new procedural statutes do not ordinarily invalidate steps already taken under the old law. *See, e.g., Belanger v. Great American Indemnity Co. of New York,* 188 F.2d 196, 198 (5th Cir.1951); *Untersinger v. United States,* 181 F.2d 953, 955–56 (2d Cir.1950); *National Labor Relations Bd. v. National Garment Co.,* 166 F.2d 233, 238 (8th Cir.1948); *New Orleans Public Service, Inc. v. Brown,* 369 F.Supp. 702, 709 (E.D.La.1974) *rev'd on other grounds,* 507 F.2d 160 (5th Cir.1975).

Plaintiff advances *Kruso v. International Telephone and Telegraph Corp.,* 872 F.2d 1416, 1425 (9th Cir.1989), and *Cowan v. Central Reserve Life of North America Ins. Co.,* 703 F.Supp. 64, 65 (D.Nev.1989), to support the proposition that courts must apply the one-year bar retroactively to force reconsideration of removed cases. See also, *Ehrlich v. Oxford Ins. Co.,* 700 F.Supp. 495 (N.D.Cal.1988). *Kruso, Cowan,* and *Ehrlich* applied Section 1016(a), which eliminated consideration of "fictitious defendants" for removal purposes, to cases which had been removed prior to the statute's enactment. These cases—which do not bind us in any event—are not pertinent. First, the subjects of the two provi-

---

1. "The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir.1980); *Gray v. Moore Business Forms, Inc.,* 711 F.Supp. 543, 545 (N.D.Cal.1989). The new statute recognizes the distinction between procedural requirements and jurisdictional requirements. Under 28 U.S.C. sec. 1447(c) (as amended) which now governs timing for remand petitions, a motion for remand for "defect[s] in removal procedure" must be filed within 30 days of notice of removal whereas a motion for remand based on lack of "subject matter jurisdiction" may be made "at any time before final judgment." Petitioning for removal outside the 30–day window constitutes a defect in removal procedure which may be waived by failure to timely file a motion for remand. See generally, *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972) (procedural defects in removal waived by non-objecting plaintiff).

2. *See, e.g., Greer v. Skilcraft,* 704 F.Supp. 1570, 1573 n. 2 (N.D.Ala.1989) (en banc) (section applicable to "cases pending in state court" where defendant removes "after the effective date of the legislation"); *Coman v. International Playtex, Inc.,* 713 F.Supp. 1324, 1328 (N.D.Cal.1989) (section may operate to create a category of nonremovable cases); *Chen v. China Airlines Ltd.,* 713 F.Supp. 1322, 1323 (N.D.Cal.1989) (section bars removal of case pending in state court even if defendant could not have removed prior to enactment of the statute); *Gray v. Moore Business Forms, Inc.,* 711 F.Supp. 543 (N.D.Cal. 1989) (section "given retrospective application" to require remand where notice of removal was filed more than one year after commencement of the action and after the effective date of the Act); *Rezendes v. Dow Corning Corp.,* 717 F.Supp. 1435 (E.D.Cal.1989) (motion for removal filed after effective date of act); *Phillips v. Allstate Ins. Co.,* 702 F.Supp. 1466, 1467 (C.D. Cal.1989) ("one year limit applies to cases pending [in state court] on the effective date of the Act").

sions, Section 1016(a) (fictitious defendants) and Section 1016(b)(2)(B) (one year limit on removal) are distinct and must be analyzed separately, although both sections are intended to accelerate the removal of cases that are to be removed at all. Second, the courts in these cases used the retroactive application of the fictitious defendants' provision to retain jurisdiction, not to strip the federal court of jurisdiction after there had been substantial progress in federal court. *Kruso*, 872 F.2d at 1425; *Cowan*, 703 F.Supp. at 65; *Ehrlich*, 700 F.Supp. at 498. We have applied procedural statutes retroactively to save an action that would have otherwise been defective. *See Bowles v. Strickland*, 151 F.2d 419, 420 (5th Cir.1945) (change in statute, while case is pending on appeal, may correct a procedural defect existing when the action was begun).

■ Because the one-year time bar does not apply to this case, we must still consider whether GMC's removal was proper under old 28 U.S.C. sec. 1446(b). To remove under this provision, defendant must prove (1) that "the case stated by the initial pleading [was] not removable" and (2) that plaintiff petitioned for removal within 30 days of the "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable".

GMC argues that the action was not removable on the complaint. First, the complaint provided no information on Wilson's citizenship or residence. Second, the complaint named fictitious defendants whose citizenship or residence was unknown. In *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1439 (11th Cir.1983), we established a bright line rule that "[i]n the absence of proof that the allegations against the fictitious defendants are fraudulent, the complaint does not become removable until the plaintiff takes some affirmative action indicating that he does not wish to pursue his claims against fictitious defendants."

In a proper case, the defendant might try to establish that the Doe allegations were fraudulent or otherwise did not destroy diversity. But, under old section 1446(b), no defendant was required to guess that he would carry this burden to prevent the 30 day limitations period from running. As we stressed in *Coker:*

> [t]he time for removability does not vary according to the degree of identification of the fictitious defendants in the complaint.... The thirty day period is tolled until the plaintiff indicates either that the controversy involving the named nonresident defendants is separable or that the fictitious defendants are no longer part of the action.

709 F.2d at 1439. *See also Hamby v. Zayre Corp.*, 544 F.Supp. 176, 178 (N.D. Ala.1982) (en banc district court) (bright line rule); *Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir.1987) (en banc) (same).[3]

When Wilson responded to GMC's Requests for Admission on January 23, 1986, she admitted that none of the fictitious defendants existed. By doing so, she triggered the 30 day period. The response was the "paper from which it [was] first ascertained that the case [was] one which is or has become removable". 28 U.S.C.A. sec. 1446(b). GMC removed this action at the appropriate time under the then existing law.

AFFIRMED.

---

**3.** This inquiry has been made academic by Section 1016(a) of the Judicial Improvements and Access to Justice Act which amended 28 U.S.C. sec. 1441(a) by adding the sentence: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." This amendment was a reaction to decisions like *Coker* and *Bryant* which kept otherwise removable cases in state court so long as fictitious defendants were not expressly dismissed.