Christine **LEIDOLF, by her guardian ad litem Ted M. WARSHAFSKY, Thomas Leidolf and Deadre Leidolf, Plaintiffs,**

**v.**

**ELI LILLY AND COMPANY, INC., a foreign corporation, Defendant.**

**No. 88–C–1235.**

United States District Court,
E.D. Wisconsin.

Jan. 4, 1990.

**1384**

Victor C. Harding, Warshafsky, Rotter, Tarnoff, Gesler, Reinhardt & Bloch, S.C., Milwaukee, Wis., for plaintiffs.

Jeffrey A. Schmeckpeper, Kasdorf, Lewis & Swietlik, S.C., Milwaukee, Wis., Harvey Kaplan and Leanne DeShong, Shook, Hardy & Bacon, Kansas City, Mo., for defendant.

## DECISION AND ORDER

WARREN, Chief Judge.

Before the Court is plaintiffs' motion to remand this civil action to Milwaukee County Circuit Court pursuant to 28 U.S.C. § 1447(c). The basis of this motion is alleged lack of subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 12, 1971, Christine Leidolf, age seven months, received her third diptheria/pertussis/tetanus ("DPT") shot. Approximately twelve hours after receiving the shot, she suffered a seizure that lasted roughly forty minutes. Plaintiffs allege that as a result of the third DPT shot, Christine Leidolf is permanently mentally retarded and suffers from an uncontrolled seizure disorder.

The plaintiffs filed this case on February 18, 1985 in Milwaukee County Circuit Court against Dr. Richard Berk, the administering physician, and six pharmaceutical manufacturers. Plaintiffs Leidolfs, Wisconsin citizens, voluntarily dismissed all codefendants other than Dr. Berk, also a Wisconsin citizen, and defendant Lilly in October of 1986. They then settled with Dr. Berk.

On November 7, 1988 plaintiffs filed a Second Amended Complaint that named Lilly as the sole defendant. On the same day the state court approved the settlement and stipulation which dismissed Dr. Berk. Because Dr. Berk was dismissed and the Second Amended Complaint named Lilly as the sole defendant, this case could be removed to federal court on the basis of diversity jurisdiction as of that date. Lilly is an Indiana corporation. Its principal place of business is in Indiana. Lilly filed its petition for removal on November 22, 1988 under the thirty-day limit of 28 U.S.C. § 1446(b).

The plaintiffs filed their first motion to remand and sought leave to add an additional party on December 14, 1988. They did so based on the grounds that: (1) there was no diversity because Dr. Berk had not actually been dismissed; and alternatively, (2) that Spence–McCord Drug Company was a new, nondiverse defendant. On February 3, 1989 plaintiffs withdrew these motions after the state court had dismissed Dr. Berk and it was established that Spence–McCord ceased to exist in 1974. On May 5, 1989 plaintiffs filed this second motion for remand, arguing that this Court

lacks subject matter jurisdiction because this case had been pending in state court for more than one year before removal.

## II. PARTIES' ARGUMENTS

### A. *Plaintiffs*

Plaintiffs submit that when Lilly filed its petition for removal on November 22, 1988, this Court could not have subject matter jurisdiction in this case under amendments to 28 U.S.C. § 1446(b). Accordingly, plaintiffs conclude that this Court should remand this action to the Milwaukee County Circuit Court.

On November 19, 1988, three days prior to the filing of defendant's petition, § 1446(b) was amended as part of the Judicial Improvement and Access to Justice Act ("Act"). It now provides, in relevant part:

> ... If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or may become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action.

Plaintiffs conclude that because they had filed this case in 1985, according to the last clause of § 1446(b), there was no statutory or other jurisdictional basis to permit removal of this action. Accordingly, pursuant to 28 U.S.C. § 1447(c) as amended, this case should be remanded to state court. Section 1447(c) was also amended as part of the Act. It now provides in part:

> A motion to remand the case on the basis of any defect in removal procedure must be made within thirty days after the filing of the notice under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....

Emphasizing the second sentence of § 1447(c), plaintiffs assert that as of the date Lilly filed its petition for removal, this Court no longer had jurisdiction because the case had been pending in state court for more than one year. Plaintiffs advance the legislative history and purposes of the Act as delineated in *Greer v. Skilcraft*, 704 F.Supp. 1570 (N.D.Ala.1989), and conclude that the Act and these amendments to the relevant removal statutes apply to this case. *See Phillips v. Allstate Ins. Co.*, 702 F.Supp. 1466 (C.D.Cal.1989). Plaintiffs accentuate that § 1446(b) was amended "to establish a one year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court." 135 Cong.Rec. S16308–09 (1988). Arguing that this case had been pending in state court for more than four years when defendant removed it, and that the parties had completed substantial discovery, plaintiffs conclude that the Judicial Improvements and Access to Justice Act stripped this Court of any federal subject matter jurisdiction, and thus that this action should be remanded to state court.

### B. *Defendant's Response*

Defendant Lilly submits that this case was properly and timely removed to this Court pursuant to 28 U.S.C. § 1446(b). Asserting that the only time limit that § 1446(b) contained when Lilly removed this case was the thirty-day time limit within which a petition for removal must be brought, the defendant concludes that it complied with the statute's commands and thus that plaintiffs' motion should be denied.

Lilly avers that the one-year limit on removal cannot bar access to this Court on a case such as this which was removable before § 1446(b) was amended. Because the amendments have no effective date set forth, the defendant concludes that this Court should retain jurisdiction, as new legislative enactments should not destroy a party's vested right absent clear Congressional statements to the contrary. Citing *Bradley v. Richmond School Bd.*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the defendant evaluates this case under the three factors used in *Bradley* to determine

when the law in effect at the time of a decision would result in "manifest injustice": (1) the nature and identity of the parties; (2) the nature of their rights; and (3) the nature of the impact of the change in law upon those rights. Lilly concludes that the one-year limit on removal should not apply in this case because: (1) it involves private parties, and the Court should therefore struggle against a construction that affects the rights of the parties; (2) a new statute should not operate to impair substantive rights, and this intervening change in the law should not apply to a pending action where it would infringe upon a vested right; and (3) a change in the law which bars a defendant's right to remove without notice when the action had already become removable is an impact of the change in the law upon existing rights, all of which result in "manifest injustice." The defendant also distinguishes *Greer* and *Phillips* on the ground that in those cases, the presence of nondiverse Doe defendants precluded removal until the Act became effective, alleging that neither case had become removable before President Reagan signed the Act, and thus that no defendant had a vested or antecedent right to removal within a thirty-day limit that was cut-off by the Act.

The defendant asserts that even if this Court judges the removal amendments to apply in this case, the one-year provision in § 1446(b) is not jurisdictional and plaintiff has waived any objection to removal, because the motion to remand did not comply with the thirty-day time limit of § 1447(c). Characterizing § 1447(c) as distinguishing between defects in removal that are procedural and those that are jurisdictional, Lilly avers that so long as the defect in removal procedure does not involve a lack of federal subject matter jurisdiction, plaintiffs must make a motion to remand within thirty days. Because plaintiffs waited five and one-half months to file this motion to remand, Lilly concludes plaintiffs waived any objection to any claimed procedural irregularities in the removal. Finally, the defendant argues that contrary to plaintiff's assertions, removal to this Court will not result in delay of the case, as it alleges that

the bulk of the discovery has yet to be conducted, and thus that removal of this case has not caused any disruption in the proceedings.

### C. *Plaintiffs' Reply*

Plaintiffs reply that the amendments to the removal statutes apply to this case. Unpacking the analysis of the *Greer* and *Phillips* decisions, the plaintiffs advance that the court in *Greer* took into account the *Bradley* factors, and concluded that they did not preclude the immediate effect of the amendments. Plaintiffs take issue with the defendant's distinguishment of *Greer* and *Phillips*, asserting that in some of the cases which the *Greer* decision encompassed, the right to remove had vested prior to November 19, 1988, the date the President signed the Act. The plaintiffs quote the *Greer* decision extensively for the proposition that the vesting of the right before the amendments had no effect on the applicability of the changes to § 1446. Plaintiffs point to the Congressional policy behind § 1446 that a diversity case that has been before a state court for more than one year should remain there.

The plaintiffs argue further that the one-year limitations period for removal is jurisdictional, and therefore that the plaintiffs' motion for remand is timely. Asserting that the new one-year limitation for the removal of diversity cases is not procedural, but directly affects subject matter jurisdiction, the plaintiffs conclude that any abrogation of the thirty-day limit for a motion to remand the case on the basis of a defect in the removal procedure is overcome by the sentence of § 1447(c) which reads: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded...."

### III.   ANALYSIS

■ This Court's initial query is as to when the November 19, 1988 amendments to 28 U.S.C. § 1446(b) (*i.e.* § 1016(b)(2)(B)) took effect. The courts that have faced this question have ruled that the amendments took effect the day President Rea-

gan signed the bill into law, November 19, 1988, and thus that the amendment to § 1446(b) is retroactive and applies to cases pending in state court at the time of enactment. *Strickland v. A.P. Propane, Inc.,* 721 F.Supp. 284, 286 (M.D.Fla.1989); *Rezendes v. Dow Corning Corp.,* 717 F.Supp. 1435, 1438–9 (E.D.Cal.1989); *O'Rourke v. Communique Telecommunications, Inc.,* 715 F.Supp. 828, 829 n. 2 (E.D.Mich.1989); *Coman v. International Playtex, Inc.,* 713 F.Supp. 1324, 1328 (N.D.Cal.1989); *Gray v. Moore Business Forms, Inc.,* 711 F.Supp. 543, 545 (N.D.Cal.1989); *Borders v. U.S. Gypsum Co.,* 704 F.Supp. 615, 616 (D.Md. 1989); *Greer v. Skilcraft,* 704 F.Supp. 1570, 1573–83 (N.D.Ala.1989) (for the most comprehensive analysis of this question); *Phillips v. Allstate Ins. Co.,* 702 F.Supp. 1466, 1469–71 (C.D.Cal.1989). *Cf. Campbell v. Dominick & Dominick, Inc.,* 872 F.2d 358 (11th Cir.1989) (§ 1019 of the Judicial Improvements and Access to Justice Act, which also has no effective date clause, took effect on November 19, 1988). The reasoning these courts have used is persuasive, and this Court agrees that because there is no effective date clause detailing when § 1016 of the Act takes effect, the effective date should be the day President Reagan signed it into law. The defendant's arguments to the contrary regarding *Bradley* do not withstand the analysis, for example, of Chief Judge Pointer in *Greer v. Skilcraft.* In *Greer,* the court, after examining the relevant case law and legislative history of the Act, ruled that because § 1016 constituted procedural legislation, it should be applied to cases pending in state court at the time of its enactment, absent prejudice of the type contemplated in *Denver & Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen,* 387 U.S. 556, 563, 87 S.Ct. 1746, 1750, 18 L.Ed.2d 954 (1967). No such prejudice can be claimed in this case, as the defendant makes no viable claims that § 1016 will expand its liability, eliminate a defense or vested right, or in any way impair a substantive right. Removal of diversity cases to federal court is basically a matter of procedure subject to Congressional enactments; it thus does not affect substantive rights.

This Court thus concludes that the amendment to § 1446(b) became effective November 19, 1988, and consequently that it applies to this case, as the defendant petitioned to remove this case on November 22, 1988, and this action had been pending in state court for more than four years at that time. Yet it does not follow from this conclusion that plaintiffs' motion to remand should be granted. This Court must address the further question of the plaintiffs' failure to comply with the requirement of § 1447(c) that a motion to remand be brought within thirty days after the filing of the notice under section 1446(a).

■ "Remand based on procedural defects is governed by 28 U.S.C. § 1447(c), as amended. Under the previous version of section 1447(c), plaintiff could move for remand based on procedural defects at any time. Currently, however, amendments to section 1447(c), effective November 19, 1988, impose a thirty-day limit from the filing of notice of removal in which plaintiff can move for remand. 28 U.S.C. § 1447(c)." *Gray v. Moore Business Forms, Inc.,* 711 F.Supp. at 545. The court in *Gray* concluded that the thirty-day time limit imposed by section 1447(c) applied, because it is procedural, and the case was pending at the time the amendments were enacted. *Id.* (citing *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir. 1980) ("The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional.")). Because this Court has found no manifest injustice in applying section 1016 of the Act retroactively, *see supra* pp. 8–10, there is no reason why all procedural changes contained in this Act should not have retrospective effect, unless Congress has specifically dictated otherwise. Because Congress has not so dictated, and the application of the new § 1447(c) to this case will not alter or eliminate any substantive rights, see above *Denver & Rio Grande* analysis, this Court will evaluate the case at bar under § 1447(c) as amended.

■ The plaintiffs' failure to comply with the thirty-day remand requirement of 28 U.S.C. § 1447(c) is fatal to their motion to remand. Although plaintiffs' procedural posture is affected by the application of the amended statute, it does not follow that substantive rights have been altered or eliminated, because they "took the risk that such an event might occur when [they] failed to comply with the clear mandate of subsection (c) that a motion to remand *must* be made within thirty days after filing of the notice of removal." *Gray,* 711 F.Supp. at 546 (emphasis in original). The plaintiffs moved to remand nearly five and one-half months after the defendant petitioned for removal. The plaintiffs have waived the procedural defect present in the defendant's removal petition of removing an action pending in state court for more than one year, because they did not meet the thirty-day deadline of § 1447(c) as amended, and because that deadline controls, as it is procedural in nature (like the statutory amendment prohibiting removal of a diversity case more than one year after commencement of the suit), and thus applies to this case which was pending at the time the amendments were enacted.

This Court concludes on the ground of consistency that it must apply the amendments to the removal statutes contained in the Act in the same fashion. As the statutory amendments to § 1446(b) and § 1447(c) are procedural in nature, they each apply to the case at bar. Consequently, plaintiffs' motion to remand must be denied, as although the defendant has removed a case pending more than one year, in contravention to § 1446(b) as amended, plaintiffs have failed to comply with the thirty-day requirement for a motion to remand, violating § 1447(c) as amended. This determination is at odds with the court's decision in *Student A. By Mother of Student A. v. Metcho,* 710 F.Supp. 267, 269 (N.D.Cal.1989), which ruled that a motion to remand brought forty-eight days after a notice of removal would be granted because of the well-settled presumption in favor of remand, and because the defendant in *Metcho* did not raise the objection of untimeliness, an objection that does not go to subject matter jurisdiction and is thus waivable. Although cognizant of the heavy presumption in favor of remand, *People of State of Illinois v. Kerr–McGee Chem Corp.,* 677 F.2d 571, 576 (7th Cir. 1982) ("One final principle to be considered is that the removal statute should be construed narrowly and against removal." [citing *inter alia Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941) ] ), this Court will not inconsistently apply one procedural amendment to a case while ignoring another. Accordingly, this Court agrees with the reasoning of the court in *Gray,* and will deny plaintiffs' motion to remand.

## IV. PLAINTIFFS' MOTION FOR AN ORDER THAT THE PARTIES MAY PROCEED WITH DISCOVERY WITHOUT AFFECTING EITHER PARTY'S RIGHTS TO OR AGAINST THE PENDING MOTION TO REMAND

This motion is now moot considering this Court's resolution of the pending motion to remand.

## V. SUMMARY

In conclusion, the amendments to 28 U.S.C. § 1446(b) and § 1447(c) became effective on November 19, 1988. The amendment to § 1446(b), which created an exception to the general rule of removability in cases that were older than one year and where the basis of jurisdiction is diversity, is retroactive and applies to this case, which was pending in state court at the time of enactment. But the amendment to § 1447(c), which requires that motions to remand be brought within thirty days of a notice of removal under § 1446(a), is also retroactive and applies to this case. Although remanding this case would be consistent with the Congressional concerns evidenced by the legislative history of the Judicial Improvements and Access to Justice Act as to the § 1446(b) amendment, it would ignore those same Congressional concerns and legislative history by failing to apply the time requirement of § 1447(c) as amended. As both amendments are pro-

cedural, both are retroactive and both will apply. Consequently, this Court follows the analysis of the court in *Gray v. Moore Business Forms, Inc.*, 711 F.Supp. 543, 545 (N.D.Cal.1989), and DENIES plaintiffs' motion to remand this action for failure to make this motion within thirty days of notice of removal, pursuant to § 1447(c). Plaintiffs' motion for an order that the parties may proceed with discovery without affecting either party's rights to or against the pending motion to remand is now MOOT. A status report is scheduled for *9:45 a.m. on Friday, February 16, 1990,* in Room 390, Federal Building, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.

SO ORDERED.