**James S. TAYLOR, Individually and as Representative of the Estate of Linda Marie Taylor, Deceased, as Father and Next Friend of Cameron Taylor, Adam Taylor, and Benedict Taylor, Minors, Plaintiffs,**

v.

**ST. LOUIS SOUTHWESTERN RAILWAY CO., Southern Pacific Transportation Company, and Union Pacific Railroad Company, Defendants.**

Civ. A. No. 88–4036 S.

United States District Court, D. Kansas.

June 1, 1990.

Harold W. Nix, Daingerfield, Tex., Thomas M. Stanley, Bankston, McDowell & Stanley, Houston, Tex., Winton A. Winter, Jr., Stevens, Brand, Lungstrum, Golden & Winter, Lawrence, Kan., for plaintiffs.

Mark L. Bennett, Jr., Bennett, Dillon & Callahan, Topeka, Kan., for St. Louis Southwestern Ry. Co., Southern Pacific Transp. Co., F.S. Altergott, A.M. Henson, W.J. Lacy, H.D. Fisher, R.D. Bredenburg, Charles D. McAtee, Topeka, Kan., for Union Pacific R. Co. et al.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion for reconsideration of this court's Memorandum and Order of June 30, 1989, reported at 128 F.R.D. 118 (D.Kan. 1989), which denied plaintiffs' motion to remand. This case arises out of a car/train collision that occurred on July 29, 1987, near Williamstown, Kansas. This case was originally filed in the District Court of Morris County in the State of Texas. Subsequently, defendants removed the case to the United States District Court for the Eastern District of Texas. The federal court in Texas thereafter transferred the case to this court.

In the June 30, 1989 Memorandum and Order, this court held that the November 19, 1988 amendments to 28 U.S.C. § 1447(c) are to be retroactively applied to the present case, since the amendments are procedural in nature and that their application in the present case would not result in manifest injustice to the parties. *Id.* at 120. As amended, section 1447(c) states that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within thirty days after the filing of the notice of removal under section 1446(a)." Therefore, the court denied plaintiffs' earlier motion to remand based on procedural defects since it had been filed long past thirty days after removal.

Plaintiffs filed the present motion on May 14, 1990, arguing that the application of the amended statute to this action does result in manifest injustice to plaintiffs. Plaintiffs contend that if the action had not been removed to federal district court in Texas and from there transferred to this court, Texas substantive law would have applied instead of Kansas law. Plaintiffs contend that the application of different state law results in manifest injustice.

First, this court finds that plaintiffs' motion should be denied as untimely. The Local Rules of this court require that

any motion for reconsideration should be filed within 10 days of the date of the order of which reconsideration is requested. D.Kan.Rule 206(f). Nevertheless, plaintiffs' motion must be denied even if we address the merits. Plaintiffs are in no way prejudiced by either the removal of this case to federal court or the transfer of the case to this court. The transferee court, this court, must apply the state law that would have been applied if there had been no change of venue. *Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 820, 11 L.Ed.2d 945 (1976). Therefore, this court must first look to Texas law. Under Texas choice of law rules, the substantive law of the state having the "most significant relationship" to the matter at issue must be applied. *Crisman v. Cooper Indust.,* 748 S.W.2d 273, 276–77 (Tex.App.—Dallas 1988); *Gutierrez v. Collins,* 583 S.W.2d 312, 318 (Tex.1979). Under the alleged facts and circumstances of this case, the state with the most significant relationship to the issues in this case is the state of Kansas. Plaintiffs and their decedents were all residents of Kansas, defendants conduct business in Kansas, the collision at issue occurred in Kansas, and the alleged wrongful conduct by defendants occurred in Kansas. Therefore, even if the case were tried in Texas state court, that court would be obligated under Texas conflict of laws rules to apply Kansas substantive law. Thus, this court finds no manifest injustice resulting from the retroactive application of the amendments to the removal statutes.

IT IS BY THIS COURT THEREFORE ORDERED that plaintiffs' motion for reconsideration of this court's earlier order denying remand of this case is DENIED.