UNITED STATES of America, Plaintiff–Appellee,

v.

Marcus Richard KING, Defendant–Appellant.

No. 90–4026.

United States Court of Appeals, Eleventh Circuit.

Dec. 20, 1991.

Anthony Martinez, Asst. Federal Public Defender, Tampa, Fla., for defendant-appellant.

Omer G. Poirier, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before HATCHETT and DUBINA, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

Appellant–King entered into a plea agreement after having been indicted on eight counts of importation, distribution, and possession of marijuana. Appellant pleaded guilty to Counts One and Seven, conspiracy to import fifty or more kilograms of marijuana and importation of fifty or more kilograms of marijuana. At the time of the plea agreement, King stated that he was aware that the maximum sentence for each count was fifteen years.

Prior to his sentencing hearing, King moved to limit his sentence to five years of imprisonment for each count. King argued that the portion of the statute which authorized a maximum sentence of fifteen years was not effective until after King had committed the offenses. The District Court rejected King's arguments, finding that the statute's amendments became effective on the date of enactment and that King's convictions were thus subject to its terms.

Appellant was subsequently sentenced to a period of eight years on Count One and, for Count Seven was placed on probation for five years, to begin upon his release from confinement. Appellant appeals this sentencing order, arguing that the statutory maximum sentence is five years for each count. We find that the District Court did not err in holding that the statute was effective on its date of enactment and thus affirm Appellant's sentence.

King was convicted pursuant to 21 U.S.C. §§ 952 and 963 (1988). The penalty provisions for these violations are contained in 21 U.S.C. § 960(b) (1988). On October 12, 1984, the Comprehensive Crime Control Act of 1984 (Act) was enacted.[1] The Act, among other things, increased the penalties applicable to drug offenses.[2] A statute is effective upon the date of its enactment unless an express provision states otherwise.[3] King argues that Congress did provide otherwise and that the amendment's effective date was November 1, 1987. Because this date was after the date on which he committed these offenses, he argues that his sentence should be limited to the pre-amendment penalties.

King's argument is based on a provision that controls the effective date of Chapter II of Public Law 98–473.[4] Section 235 states: "This chapter shall take effect on the first day of the first calendar month beginning twenty-four months after the date of enactment...."[5] Congress later changed the effective date to be November 1, 1987.[6] Section 235, however, merely deleted reference to a special parole term; it was not concerned with increasing penalties. It was section 504 that increased the penalties applicable to this case. Moreover, the effective date listed in section 235 is the effective date for provisions in "[t]his chapter."[7] Section 235 is contained in Chapter II, entitled "Sentencing Reform"; however, the increased penalties of section 960 are contained in Chapter V, entitled "Drug Enforcement Amendments." Therefore, section 235's effective date does not apply to the changes made in section 504.

Because Congress did not specify that the amendments contained in section 504 would become effective on a certain date, we find that the statute was effective on

1. Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 1984 U.S.C.C.A.N. (98 Stat.) 1837 [hereinafter Act.]

2. Act, § 504, 1984 U.S.C.C.A.N. (98 Stat.) 2070.

3. *See, Wilson v. General Motors Corp.,* 888 F.2d 779, 780 (11th Cir.1989).

4. Act, § 235, 1984 U.S.C.C.A.N. (98 Stat.) 2031.

5. *Id.*

6. Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 1985 U.S.C.C.A.N. (99 Stat.) 1728.

7. Act, 1984 U.S.C.C.A.N. (98 Stat.) 2031 (emphasis added).

the date of its enactment, October 12, 1984. King was thus properly sentenced according to the amended terms.