[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12563
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00041-CDL-MSH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER ROWAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 26, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Christopher Rowan appeals his 60-month above-guideline sentence that the district court imposed after he pled guilty to one count of sexual abuse of a minor, in violation of 18 U.S.C. § 2243.[1]  The district court imposed sentence above the advisory guideline range of 30-37 months' imprisonment on either of two independent grounds: (1) assignment of a five-level upward departure under U.S.S.G. § 5K2.0(a)(1)(B); or (2) an upward variance under 18 U.S.C. 3553(a).  On appeal, Rowan argues that the district court judge impermissibly assisted the government at sentencing, violating Rowan's due process right to a fair and impartial tribunal, and the judge should therefore have recused himself from the case and that his sentence is both procedurally and substantively unreasonable.

## I.

Rowan maintains, first, that the district court judge acted unlawfully at his sentencing hearing when he elicited argument and evidence from the government regarding aggravating circumstances necessary to justify its request for an upward departure under U.S.S.G. § 5K2.0(a)(1)(B).  Moreover, Rowan argues that in light of the judge's biased conduct, he should have *sua sponte* recused himself.

Because Rowan did not challenge the court's conduct in the district court, he concedes that his argument is subject to plain error review only.  Under plain

---

[1] Rowan's plea agreement contained an appeal waiver clause, which he argues was entered into unknowingly and involuntarily.  However, under the waiver, Rowan retained the right to appeal an above-guideline sentence, and moreover, the government has expressly disclaimed enforcement of the waiver in this case.  Therefore, we have no need to consider the enforceability of the waiver but will instead proceed directly to the merits of the appeal.

2

error review, the burden is on the defendant to establish: (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted).

"The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 100 S. Ct. 1610, 1613, 64 L. Ed. 2d 182 (1980). Neutrality ensures that "life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law." *Id.* "At the same time, it preserves both the appearance and reality of fairness, . . . by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him." *Id*.

Relatedly, 28 U.S.C. § 455(a) instructs a federal judge to disqualify himself if "his impartiality might reasonably be questioned," and § 455(b) requires recusal when any of the specific circumstances set forth in that subsection exist, including when the judge "[i]s a party to the proceeding," "has a personal bias," or "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the

3

outcome of the proceeding." 28 U.S.C. § 455(a), (b)(1), (b)(4), (b)(5)(i).  Under § 455, "a judge is under an affirmative, self-enforcing obligation to recuse himself *sua sponte* whenever the proper grounds exist." *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989).

We conclude from the record that the district court did not plainly err in eliciting from the government testimony and evidence to justify an upward departure.  Contrary to Rowan's assertion, the court did not assist the government at sentencing; indeed, it did quite the opposite.  The court's exchange with the government shows that it would not grant an upward departure until satisfied that the government identified and proved a predicate aggravating circumstance.  The court rejected the government's initial contention—that a departure was warranted because Rowan was the victim's stepfather—on the grounds that the four-level adjustment under U.S.S.G. § 2A3.2(b)(1) considered and accounted for the existence of a custodial relationship.  Even after the government did subsequently identify Rowan's use of alcohol as an aggravating circumstance, the court elicited testimonial evidence to prove it.  Thus, the court did not err, plainly or otherwise.  Furthermore, because nothing about the district court judge's conduct created a doubt as to his impartiality or ability to preside over the case, *sua sponte* recusal was not warranted.

## II.

4

Next, Rowan contends that his 60-month, above-guideline custodial sentence is procedurally unreasonable because the district court:  (1) focused on the sentencing factors under 18 U.S.C. § 3553(a)(2)(A)—i.e., the need to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense—to the exclusion of the remaining § 3553(a) factors; (2) ignored the mitigating testimony of his wife; and (3) failed to explain its sentence.  He did not raise this challenge before the district court.

We generally review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).  As noted above, however, where a defendant fails to object to an alleged sentencing error before the district court, we review for plain error only.  *Rodriguez*, 398 F.3d at 1298.  We have not decided in a published opinion whether plain error or abuse of discretion review applies to an unpreserved claim of a sentence's procedural unreasonableness.  We decline to decide that question in this unpublished opinion because Rowan's procedural claim fails under either standard.

In reviewing whether a sentence is procedurally reasonable, we must ensure that the district court did not commit a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a

sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51, 123 S. Ct. at 597. The weight to be accorded to any given § 3553(a) factor is a discretionary matter for the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). Although the court is required to consider the § 3553(a) factors in making its sentencing decision, it need not discuss each one in detail; "[r]ather, an acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation marks omitted). Consequently, a discussion of mitigating evidence presented under § 3553(a) is not required. *See id*. at 833 (finding that district court did not impose an unreasonable sentence when it failed to discuss mitigating evidence because it was not required to discuss each § 3553(a) factor). That said, when a district court imposes a sentence outside the guideline range, it should explain why it has done so. *Rita v. United States*, 551 U.S. 338, 357, 127 S. Ct. 2456, 2468, 168 L. Ed. 2d 203 (2007). The length and detail of explanation required depends, however, on the circumstances. *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008). Ultimately, the court must merely say enough to show "that [it] has considered the parties' arguments and has a reasoned basis" for its decision. *Id.*

We conclude from the record that Rowan's sentence is procedurally reasonable.  The record shows that the district court properly calculated the guideline range prior to departing or varying upward; that, by express reference, it ultimately considered all of the § 3553(a) factors; that it not only heard mitigating testimony from Rowan's wife, but questioned her regarding his past use of alcohol around the victim; and finally, that it explained the 60-month above-guideline sentence.  Rowan's concern that the court focused solely on one single § 3553(a) factor while paying no more than passing respect to the others is ill-founded.  We have repeatedly held that a detailed discussion of each § 3553(a) factor is not required; moreover, so long as the factors are considered, the weight allocated to each is a matter committed to the district court's discretion.  Finally, the record shows that the court explained its above-guideline sentence as rooted in Rowan's use of alcohol to facilitate the offense.  Accordingly, we hold that Rowan's sentence was not procedurally unreasonable.

### III.

Finally, Rowan maintains it was substantively unreasonable for the district court either to depart or vary upward from the guideline range because the circumstance it relied on in doing so—namely, his use of alcohol to facilitate the offense—is typical in cases of sexual abuse of a minor and thus did not merit any departure or variance from the guideline range.

Unlike his challenge to the procedural reasonableness of his sentence, Rowan raised his challenge to its substantive reasonableness before the district court. In any event, a substantive challenge is reviewed for abuse of discretion. *Gall*, 552 U.S. at 41, 128 S. Ct. at 591.

Although Rowan's substantive reasonableness challenge encompasses both grounds relied on by the district court to sentence outside the guideline range—departure or variance—the departure need not be separately reviewed. If the resolution of a guidelines issue does not matter to the district court's ultimate sentencing decision, then we need not review the issue on appeal. *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). In other words, we need not address guidelines arguments, such as the alleged impropriety of an upward departure, if the district court stated that it would have imposed the same sentence even absent the challenged guideline calculation. *Id.* The reason being that, as we have long recognized, "it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." *Id.* That is the case here, and in such cases, the only issue before us is whether the ultimate sentence imposed is substantively reasonable. *Id.*

In determining whether a sentence is substantively reasonable, we examine the totality of the circumstances, which includes an inquiry into whether the § 3553(a) factors support the sentence in question. *United States v. Gonzalez*, 550

8

F.3d 1319, 1324 (11th Cir. 2008).  The district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" set out in § 3553(a)(2)—retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a); *Tapia v. United States*, 564 U.S. ----, ----, 131 S. Ct. 2382, 2387, 180 L. Ed. 2d 357 (2011).  Reasonableness may be evidenced by a sentence well below the statutory maximum.  *See Gonzalez*, 550 F.3d at 1324.  We will only vacate a sentence for substantive unreasonableness upon a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors."  *United States v. McGarity*, 669 F.3d 1218, 1264 (11th Cir.) (internal quotation marks omitted), *cert. denied*, ___ U.S. ___, 133 S. Ct. 378 (2012).

As just explained, because the district court in this case stated that it would have imposed the same sentence under its § 3553(a) authority, even absent the five-level § 5K2.0(a)(1)(B) departure, under *Keene* we need only address the reasonableness of Rowan's sentence as a whole.  We see no abuse of discretion. Rowan developed and maintained an inappropriate relationship with his minor stepdaughter, which culminated in planned sexual abuse.  He took advantage of his custodial relationship and used alcohol to facilitate his crime.  Ultimately, substantive reasonableness is judged in light of the totality of the circumstances, and here, it was not unreasonable for the district court to impose an above-

9

guideline sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  Moreover, the 60-month sentence remains well below the statutory maximum prison term of 15 years.

For the reasons above, we affirm Rowan's sentence.

**AFFIRMED.**