Dean S. KACLUDIS, Plaintiff,

v.

**GTE SPRINT COMMUNICATIONS CORPORATION, et al.,**
Defendants.

No. 92–2817.

United States District Court,
N.D. California.

Oct. 1, 1992.

Kathleen M. Lucas, San Francisco, Cal., for plaintiff.

David R. Ongaro, Laughlin, Falbo, Levy & Moresi, San Francisco, Cal., for defendants.

## ORDER RE CROSS–MOTIONS TO REMAND, TO AMEND REMOVAL NOTICE, AND DISMISS (12(b)(6))

CONTI, District Judge.

### I. INTRODUCTION

Three motions are before the court. Plaintiff Dean S. Kacludis ("Kacludis") moves for remand to state court for failure to plead jurisdiction adequately. Defendants GTE Sprint Communications Corp., Sprint/United Management Company, and Mohammed Z. Malik ("Defendants") in turn seek leave to amend their notice of removal to cure the alleged defect. In addition, Defendants move to dismiss the third through ninth causes of action for failure

to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6).

## II. FACTS [1]

The underlying dispute in this case arises out of the termination of Kacludis' twenty-three year employment at Sprint.[2] Defendant Mohammed Malik was Kacludis' immediate supervisor at Sprint. Kacludis' complaint alleges that, in retaliation for complaints concerning Malik's management style, he was wrongfully discharged. More specifically, Kacludis alleges that in February of 1989 he "exercised Sprint's 'open door' policy to address certain complaints he had received from other employees about Malik's management style. Sprint employees assured Plaintiff that he would suffer no retaliation for exercising the 'open door' policy." Opposition at 2.

In October of 1990, Malik told Kacludis that a pending reorganization might eliminate Kacludis' job, and that in such event Malik would find Kacludis another job at Sprint. In late 1990 and early 1991, Kacludis interviewed in Kansas City with the Budget Controls Group of Sprint. In February of 1991, the manager of that group "told Kacludis that someone within Sprint had informed the group that Plaintiff was 'unavailable' to take the positions for which he had interviewed, and thus the positions were offered to other candidates." Opposition at 3. Kacludis was subsequently passed over for another position in the same group.

On February 1, 1991, Malik wrote Kacludis to inform him that his position was, in fact, being eliminated effective April 5, 1991, and assuring him that Sprint would try to find another position for him within the company.

Between February 1 and April 5, the manager of the Installation group in the Engineering and Construction department informed both Malik and Kacludis that there was a opening in the group, and requested that Kacludis transfer into it. Malik refused to allow the transfer, despite an established policy and practice of transferring employees whose jobs were eliminated to other Sprint positions.

Kacludis also alleges that he repeatedly informed Malik of his willingness to take a reduction in grade and/or salary in order to remain employed.

On April 5, 1991, Sprint terminated Kacludis, and eliminated his position. This was the only position eliminated at that time, and on August 5, 1991, the position was reopened. Malik refused to consider Kacludis for his former position, instead filling it with a transfer from another department within Sprint.

Kacludis applied for 38 separate positions within Sprint once he learned his employment was to be terminated, none of which were offered to him. Throughout his employment, Kacludis received only satisfactory or above satisfactory performance appraisals.

On April 3, 1992, Kacludis filed suit in California superior court against Sprint and Malik. The suit alleges the following causes of action:

1. Breach of Contract (against Sprint only).
2. Breach of the Implied Covenant of Good Faith and Fair Dealing (against Sprint only).
3. Intentional Misrepresentation.
4. Negligent Misrepresentation.
5. Intentional Infliction of Emotional Distress (Count One, during employment).
6. Intentional Infliction of Emotional Distress (Count Two, post-employment).
7. Slander Per Se.
8. Intentional Interference With Prospective Business Advantage.
9. Negligent Supervision.

---

1. The facts recited herein are drawn from Kacludis' narration, as he is the non-moving party in the 12(b)(6) motion.

2. Kacludis began work for a company named GTE Corp. GTE later merged with Sprint to form defendants GTE Sprint Communications Corp., and later Sprint/United Management Co. For the purposes of this order, these entities will be referred to collectively as "Sprint."

Defendants subsequently removed the action to this court on diversity grounds, as no defendants are citizens of California. In their notice of removal, however, defendants alleged with regard to defendant Malik only that he "was at the time of service and is a resident and citizen of the State of Kansas, residing in Leawood, Kansas." Kacludis contends that, as diversity must exist both at the time of filing and of removal, this statement is both fatally defective and not subject to amendment.

## III. DISCUSSION

### A. *Motions To Remand and To Amend Removal*

■ Neither party disputes that, in order for a case to be removed to federal court on diversity grounds, there must be complete diversity at both the time of suit and the time of removal:

> For an action to be removable ... it must meet the statutory requirements as of the time the removal petition is filed *and* as of the time of the commencement of the action in state court. Thus, both at the time the action is filed and when it is removed, complete diversity must exist and none of the defendants may be a citizen of the forum state.

*Klein v. Amfac, Inc.*, 688 F.Supp. 1415, 1417 (N.D.Cal.1988). Neither does Kacludis appear to argue that Malik in fact was a citizen of California at either relevant time.[3] Although he states once in introduction that "Malik is and was a resident of the County of San Mateo, State of California, at all times relevant to the Complaint," Kacludis does not argue the point. Malik, in verified and uncontested responses to Kacludis' interrogatories, states that he ceased residence in California in November, 1991, and was both domiciled in and a citizen of Kansas on April 3, 1992. As such, the requisite diversity of citizenship existed at all necessary times.

Kacludis argues, however, that remand is required due to the technical failure to allege the correct dates of residence in the notice of removal. Such defects, Kacludis maintains, are fatal and incurable. In support of his position, Kacludis' extensive research has unearthed authority from as far away as district courts in the Middle District of Tennessee and the Eastern District of Virginia. Curiously, that same research failed to unearth (or Kacludis chose not to bring to this court's attention) controlling contrary authority from the Ninth Circuit.

■ In this circuit, as in every circuit court that has dealt with the question elsewhere, defects in form of a removal petition are amendable at any time, not just within the original 30–day period for removal. *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969).[4] This is particularly true where, as here, the requisite jurisdictional allegations are not omitted entirely, but rather are merely defective in form. This rule is in accord with the governing statute, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial *or appellate* courts." 28 U.S.C. § 1653. Clearly, a rule that allows amendment at the appellate level must contemplate amendment more than thirty days after removal.

Kacludis cites several out-of-circuit district cases in an attempt to avoid this result. The one most on point is *Wenger v. Western Reserve Life*, 570 F.Supp. 8 (M.D.Tenn.1983), in which the court refused to allow amendment of a defective allegation of jurisdiction. That case, however, relies upon and follows an earlier case in the same circuit, *Evans–Hailey Co. v. Crane Co.*, 207 F.Supp. 193 (D.C.Tenn. 1962). The rigid formality of *Evans–Hailey* and its progeny, however, was *expressly* considered and rejected by the Ninth Circuit in *Barrow*.[5]

---

3. The action was commenced on April 3, 1992, and removed on July 22, 1992.

4. *See also, e.g., D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979); *London v. Standard Oil of Cal., Inc.*, 417

F.2d 820 (9th Cir.1969); *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299 (10th Cir.1968).

5. The court notes that citation of two out-of-circuit district court opinions, while failing to cite numerous Ninth Circuit and other circuit

Kacludis also cites, in his reply memorandum, the case of *Gray v. Moore Business Forms, Inc.*, 711 F.Supp. 543 (N.D.Cal. 1989), describing it as "on all fours with the case at bar." The court must assume Kacludis has not read *Gray*, as it involves a case removed to federal court more than a year after filing. The defense argued that the delay was excused by the intervening amendment of the removal statutes [6] to allow removal of cases involving Doe defendants; at the time of filing, the case had not been removable. The court found, however, that the amendment did not trigger a second, "paper" 30–day removal period. Nevertheless, because the *plaintiff* failed to timely object to the belated removal, and because even a year's delay was a procedural rather than jurisdictional defect, the court denied a motion to remand and retained jurisdiction. In other words, where in the instant case both the removal and the motion for remand are timely, in *Gray* neither were. The court cannot imagine how *Gray* can, with a straight face, be described as "on all fours"; in fact, the greatest similarity is one Kacludis may not appreciate—the result. Kacludis' motion to remand is denied, and Defendants' motion for leave to amend their notice of removal is granted.

### B. *Motion to Dismiss (12(b)(6))*

#### 1. Legal Standard for 12(b)(6) Motions to Dismiss

The Ninth Circuit has reviewed the standard for a motion to dismiss for failure to state a claim on which relief can be granted:

> ... a complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 [78 S.Ct. 99, 102, 2 L.Ed.2d 80] (1957).

A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable theory. 2A J. Moore, *Moore's Federal Practice* ¶ 12.08 at 2271 (2d ed. 1982). *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984). In determining a motion to dismiss, "all the allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." Moreover, "to dismiss, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved." *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir.1987).

Defendants move to dismiss counts three through nine of Kacludis' complaint.

#### 2. Workers' Compensation Exclusivity

■ The general rule in California is that, where an employee states a cause of action for either physical or emotional injury arising from termination, that claim is governed exclusively by the provisions of California's workers' compensation system. *Cole v. Fair Oaks Fire Protect. Dist.*, 43 Cal.3d 148, 233 Cal.Rptr. 308, 729 P.2d 743 (1987). This is the case whether or not the employee alleges improper or evil motives on the part of the employer. As the *Cole* court stated,

> We have concluded that, when the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability.... *[T]he action is barred*

opinions to the contrary, borders upon sanctionable disregard for counsel's ethical obligation to reveal contrary authority to the tribunal.

6.  28 U.S.C. § 1441(a) was amended effective November 19, 1988, to allow removal of cases with Doe defendants. This amendment overruled

*Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir.1987), which held Doe cases non-removable, and which controlled at the time of filing in *Gray*. The *Gray* defendants removed their case on December 16, 1989, within 30 days of the effective date of the amendment.

*by the exclusiveness clause no matter what its name or technical form* if the usual conditions of coverage are satisfied. [citation]

*If characterization of conduct normally occurring in the workplace as unfair or outrageous were sufficient to avoid the exclusive remedy provisions of the Labor Code, the exception would permit the employee to allege a cause of action in every case where he suffered mental disability merely by alleging an ulterior purpose of causing injury.* Such an exception would be contrary to the compensation bargain and unfair to the employer.

*Cole* at 160, 233 Cal.Rptr. 308, 729 P.2d 743 (emphasis added).

■ Kacludis attempts to avoid preemption by arguing that a fraud was perpetrated against him, and that the exclusivity of workers' comp is thus inapplicable. However, he cites in support of this proposition *Shoemaker v. Myers*, 52 Cal.3d 1, 276 Cal. Rptr. 303, 801 P.2d 1054 (1990). In that case, however, the California Supreme Court confirmed that workers comp was the exclusive remedy in a case similar to this one. In *Shoemaker*, an investigator was allegedly [7] harassed and terminated in retaliation for "whistle blowing." Further, the plaintiff there alleged facts much more egregious and indicative of actual malice and intent to injure. Nevertheless, the court found that workers' comp was the exclusive remedy for claims of intentional infliction of emotional distress and wrongful termination. In so holding, the court stated that

> To the extent plaintiff purports to allege any distinct cause of action, not dependent upon the violation of an express statute or violation of fundamental public policy, but rather directed at the *intentional, malicious* aspects of defendants' conduct ..., then plaintiff has alleged no more than the plaintiff in [*Cole*], i.e., that the employer's conduct caused him to suffer personal injury resulting in physical disability. *Cole* there-

fore controls. The kinds of conduct at issue ... are a normal part of the employment relationship. Even if such conduct may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions.

*Shoemaker* at 25, 276 Cal.Rptr. 303, 801 P.2d 1054 (emphasis in original). *See also Livitsanos v. Superior Court*, 2 Cal.4th 744, 7 Cal.Rptr.2d 808, 828 P.2d 1195 (1992); *United States Borax and Chemical Corp. v. Superior Court*, 167 Cal. App.3d 406, 213 Cal.Rptr. 155 (1985) (intentional deceit does not remove case from workers' comp).

Nor does *Ramey v. General Petroleum Corp.*, 173 Cal.App.2d 386, 401, 343 P.2d 787 (1959) support Kacludis' position here. In that case, a gravely injured worker was fraudulently induced to sign a release absolving a third-party subcontractor from liability. The fraud in that case was extrinsic to the employment relationship, involving a third-party claim falling within the dual-capacity doctrine. *Ramey* simply does not support the proposition that generalized statements by a supervisor to an employee concerning that supervisors intent to assist in finding replacement employment are sufficient to take this case out of the ambit of workers' comp. To hold otherwise would be to exempt all cases of physical or emotional injury in connection with termination from workers comp simply by claiming that the employer led the employee to believe that he would not be fired.

■ Moreover, even were fraudulent conduct somehow exempt, Kacludis simply has not pled fraud with the requisite specificity. His generalized allegations of malicious intent on the part of Malik, coupled with a failure to allege any detriment caused by reliance upon any knowingly false statements, are insufficient to support an allegation of fraud or intentional misrepresentation. Any damages alleged are the result of termination, not of any action or forbearance to act in reliance upon fraudulent statements.

---

7. *Shoemaker*, like this case, arose in the context of a demurrer; there, as here, the court took the

plaintiff's allegations as true for purposes of the motion.

Under the clear caselaw from the California Supreme Court, therefore, Kacludis' third, fourth, fifth, sixth,[8] and ninth causes of action are governed exclusively by California's workers' compensation system, and are therefore dismissed.

### 3. Slander Per Se

█ Kacludis' seventh cause of action is for slander per se, alleging that Malik and an unspecified supervisor of Malik's made disparaging comments to others within Sprint concerning Kacludis' qualifications.

California Civil Code § 47(c) (formerly § 47(3)) provides that "A privileged communication is one made: ... In a communication, without malice, to a person interested therein, (1) by one who is also interested." As it is apparent from the face of the complaint that Malik and the other managers at Sprint were interested parties, the communication is presumed to be privileged absent pleading of specific facts to defeat that privilege. *Smith v. Hatch*, 271 Cal.App.2d 39, 76 Cal.Rptr. 350 (1969); *Lesperance v. North American Aviation, Inc.*, 217 Cal.App.2d 336, 31 Cal.Rptr. 873 (1963).

Kacludis has not pled facts sufficient to rebut the presumptive privilege here. Mere allegations that the statements were made "with malice" or with "no reason to believe the statements were true" are insufficient to rebut the presumption of privilege. *Agarwal v. Johnson*, 25 Cal.3d 932, 160 Cal.Rptr. 141, 603 P.2d 58 (1979); *Martin v. Kearney*, 51 Cal.App.3d 309, 312, 124 Cal.Rptr. 281 (1975).[9]

█ Moreover, the sort of communications alleged here is paradigmatic of the sort of activities protected by the manager's privilege. *Los Angeles Airways v. Davis*, 687 F.2d 321, 328 (9th Cir.1982). Having pled facts giving rise to a presumptive manager's privilege, Kacludis bears the burden of defeating that privilege. *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067 (11th Cir.1984).[10] If that privilege protects nothing else, it protects a manager's right to manage personnel (including firing and hiring) without fear of independent liability, absent concrete and specific allegations that such actions were *entirely* for the benefit of the individual. *Davis* at 328. The manager's privilege thus protects Malik from liability for all causes of action pled herein.

As such, the seventh cause of action is dismissed.

### 4. Interference With Prospective Business Advantage

█ Kacludis' eighth cause of action purports to state a claim for interference with prospective business advantage. The identical claim was attempted in identical circumstances in *Shoemaker*. The Supreme Court held that

> With respect to the tort of interference with prospective economic advantage, plaintiff's pleading has identified no "prospective economic advantage" other than the continuation of his employment relationship. Thus ... it is in reality identical in substance to plaintiff's claim of inducement of breach of contract. It is axiomatic, however, that there can be no action for inducement of breach of contract against the other party to the contract. It is well established that corporate agents and employees acting for

---

**8.** Kacludis argues that his sixth cause of action avoids this fate, as it involves emotional distress allegedly inflicted after his termination. However, the caselaw is clear that injuries occurring after termination but flowing from the employment relationship are within the ambit of workers' comp. *See Gates v. Trans Video Corp.*, 93 Cal.App.3d 196, 155 Cal.Rptr. 486 (1979); *Shoemaker, supra.*

**9.** *Frommoethelydo v. Fire Ins. Exchange*, 42 Cal.3d 208, 228 Cal.Rptr. 160, 721 P.2d 41 (1986), cited by Kacludis, is inapposite here. It involved a conditional privilege extended to Insurers who report fraudulent claims, and ex-

*pressly* distinguishes what it recognizes as the stronger privilege of Section 47. *Id.* at 217, n. 6, 228 Cal.Rptr. 160, 721 P.2d 41.

**10.** This assumes that the privilege is in fact a qualified one at all. The caselaw is split, with some cases holding the privilege to be absolute and others holding it to be qualified. *See Aalgaard v. Merchants National Bank*, 224 Cal. App.3d 674, 685 & nn. 8 & 9, 274 Cal.Rptr. 81 (1990) (surveying cases). This court, like the *Aalgaard* court, need not "unravel this knot of authority," however, as Kacludis cannot defeat even a qualified privilege here.

and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract.

Here, the parties against whom plaintiff seeks recovery on this cause of action are plaintiff's supervisors: agents of the employer who are vested with the power to act for the employer (rightly or wrongly) in termination plaintiff's employment. For purposes of this cause of action, then, these defendants stand in the place of the employer, because the employer—the other party to the supposed contract—cannot act except through such agents.

*Shoemaker*, 52 Cal.3d at 24–25, 276 Cal. Rptr. 303, 801 P.2d 1054.

Kacludis' bare allegation that Malik somehow acted outside the scope of the employment relationship in firing Kacludis does not change the analysis here; Malik's position is factually on all fours with the individual defendants in *Shoemaker*. As such, the eighth cause of action is dismissed.

## IV. CONCLUSION

In accordance with the foregoing, it is hereby ORDERED that:

(1) Plaintiff Kacludis' motion to remand to state court be, and hereby is, DENIED;

(2) Defendants' motion for leave to amend their Notice of Removal be, and hereby is, GRANTED, and;

(3) Defendants' motion to dismiss causes of action three through nine pursuant to Fed.R.Civ.P. 12(b)(6) be, and hereby is, GRANTED.

IT IS SO ORDERED.