120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nancy SULLIVAN, Plaintiff-Appellant,
v.
Ronald E. COMPTON, President of Aetna Life and Casualty;
Allen Maltz, Defendants, Aetna Life And Casualty
Co., Defendant-Appellee.
 No. 95-56186.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 17, 1997.
 
 Before HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nancy Sullivan appeals pro se the district court's summary judgment in favor of her former employer Aetna Life and Casualty Company ("Aetna") on her causes of action for breach of an implied-in-fact contract and breach of the implied covenant of good faith and fair dealing. Sullivan also appeals from the district court's dismissal of her causes of action for fraud, defamation, intentional infliction of emotional distress, and negligent misrepresentation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both the district court's summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and dismissal, see Sabow v. United States, 93 F.3d 1445, 1450 (9th Cir.1996). We affirm.
 
 
 3
 Because the district court had diversity jurisdiction, we apply California substantive law, as we believe the California Supreme Court would apply it. See Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1556 (9th Cir.1991).
 
 I.
 Summary Judgment
 A. Implied-in-Fact Contract
 
 4
 Sullivan contends that the disciplinary process outlined in the Aetna's personnel policies manual ("manual") and her supervisors' statements that her job was secure and that she was a valued member of the department created an implied-in-fact contract that she would not be terminated without good cause.
 
 
 5
 "California law presumes that employment is at will unless the parties have made an 'express oral or written agreement specifying the length of employment or the grounds for termination.' " Schneider v. TRW, Inc., 938 F.2d 986, 990 (9th Cir.1991) (quoting Foley v. Interactive Data Corp., 765 P.2d 373, 385 (Cal.1988) (in bank)); see Cal. Lab.Code § 2922 (West 1997). A plaintiff may overcome the presumption of at-will employment with evidence of contrary intent. See Schneider, 938 F.2d at 990; Foley, 765 P.2d at 385. In determining whether the parties intended to agree to an implied contract, California courts consider several factors including the personnel policies or practices of the employer, actions and communications by the employer reflecting assurances of continued employment, the employee's longevity of service, and the practices of the industry. See Schneider, 938 F.2d at 990; Foley, 765 P.2d at 387; Pugh v. See's Candies, Inc., 171 Cal.Rptr. 917, 925-26 (Cal.Ct.App.1981). "[O]blique language will not, standing alone, be sufficient to establish agreement; instead, the totality of the circumstances determines the nature of the contract." Foley, 765 P.2d at 388 (citing Pugh, 171 Cal.Rptr. at 927).
 
 
 6
 Here, the introduction and termination section of the manual explicitly state that either Aetna or its employees may terminate employment at any time and that modification of the arrangement must be in writing and signed by an officer of the Company. Accordingly, Aetna established the presumption of at-will employment. See Schneider, 938 F.2d at 990; Davis v. Consolidated Freightways, 34 Cal.Rptr.2d 438, 444 (Cal.Ct.App.1994) (stating that plaintiff failed to show for-cause contract where there was evidence of at-will status in express provision of employment manual). Contrary to Sullivan's contention, the manual's provisions for disciplining employees who engage in misconduct do not rebut the at-will presumption.[1] See Davis, 34 Cal.Rptr.2d at 445 (stating that progressive discipline system has no bearing on the existence of an at-will contract).
 
 
 7
 Likewise, Sullivan's supervisors' oblique language regarding her job security does not suffice to overcome the presumption of at-will employment in light of the totality of the circumstances. See Foley, 765 P.2d at 388; see also Gould v. Maryland Sound Indus., Inc., 37 Cal.Rptr.2d 718, 727 (Cal.Ct.App.1995) (concluding that supervisor's vague references to long-term employment insufficient to establish agreement not to terminate without good cause). Nor does Sullivan's one year of employment with Aetna constitute sufficient longevity to rebut the at-will presumption. See Gould, 37 Cal.Rptr.2d at 726 (stating that three years of employment are insufficient longevity). Sullivan also failed to provide any evidence of industry practices in support of her contention. See id. Accordingly, Sullivan failed to rebut the presumption that she was employed at-will. See Schneider, 938 F.2d at 990-91.[2]
 
 
 8
 B. Implied Covenant of Good Faith and Fair Dealing
 
 
 9
 Because Sullivan was an at-will employee, Sullivan cannot state a claim for breach of the implied covenant of good faith and fair dealing. See Schneider, 938 F.2d at 991; Foley, 765 P.2d at 400 n. 39.
 
 II.
 Dismissal
 A. Fraud
 
 10
 Because Sullivan's allegations of fraud refer to misrepresentations made in the course of her dismissal, Sullivan fails to state a claim for fraud. See Hunter v. Up-Right, Inc., 864 P.2d 88, 93 (Cal.1994) (in bank) ("[W]rongful termination of employment ordinarily does not give rise to a cause of action for fraud or deceit, even if some misrepresentation is made in the course of the employee's dismissal.").
 
 
 11
 B. Defamation, Negligent Misrepresentation, and Intentional Infliction of Emotional Distress
 
 
 12
 Sullivan contends that the district court erred by dismissing her remaining tort claims as time-barred because her filing of a worker's compensation claim equitably tolled the statute of limitations.
 
 
 13
 California's one-year statue of limitations applies to Sullivan's tort claims. See Cal.Civ.Proc.Code § 340(3) (West 1997); Donoghue v. County of Orange, 848 F.2d 926, 930 (9th Cir.1987) (negligent misrepresentation); Magpali v. Farmers Group, Inc., 55 Cal.Rptr.2d 225, 234 (Cal.Ct.App.1996) (intentional infliction of emotional distress); Schneider v. United Airlines, Inc., 256 Cal.Rptr. 71, 72 (Cal.Ct.App.1989) (defamation). Sullivan's tort claims all arise from events leading up to her termination in April of 1991. Because Sullivan filed her action on April 9, 1993, two years after she was terminated, her claims are time-barred unless the statute was tolled.
 
 
 14
 "Though equity will toll the statute of limitations while a plaintiff, who possesses different legal remedies for the same harm, reasonably and in good faith pursues one, it will not toll the statute while a plaintiff, who has allegedly suffered several different wrongs, pursues only one remedy as to one of those wrongs." Aerojet Gen. Corp. v. Superior Court, 223 Cal.Rptr. 249, 254 (Cal.Ct.App.1986); see Elkins v. Derby, 525 P.2d 81, 82-83 (Cal.1974) (in bank); Hinton v. Pacific Enters., 5 F.3d 391, 396 (9th Cir.1993).
 
 1. Defamation
 
 15
 Sullivan's defamation claim was not tolled by her filing of a worker's compensation claim because the two claims alleged different wrongs. In her worker's compensation claim, filed in January of 1991, four months before she was terminated, Sullivan alleges she suffered stress from pressures at work. By contrast, Sullivan's civil claim for defamation arises from statements allegedly made by Aetna to her former co-employees after she was terminated. Therefore, Sullivan's defamation claim is time-barred. See Elkins, 525 P.2d at 83 (explaining that the fundamental purpose of the statute of limitations is to ensure timely notice to an adverse party); accord Aerojet Gen. Corp., 223 Cal.Rptr. at 254.
 
 
 16
 2. Intentional Infliction of Emotional Distress
 
 
 17
 Sullivan's claim for intentional infliction of emotional distress stems from events which occurred in November of 1990, when an anonymous letter was sent to the president of her division accusing her of misrepresenting her qualifications, violating corporate policy, and having a personal relationship with management. Thereafter, Aetna investigated the claims, placed Sullivan on probation, and eventually terminated her in April of 1991. Sullivan alleges these events caused her emotional distress.
 
 
 18
 Because some of Sullivan's allegations of emotional distress overlap with Sullivan's worker's compensation claim for stress, we assume arguendo that the statute was tolled. See Elkins, 525 P.2d at 82. Nonetheless, we affirm the district court's dismissal based on other grounds. See Intel Corp., 952 F.2d at 1556.
 
 
 19
 "The general rule in California is that, where an employee states a cause of action for either physical or emotional injury arising from termination, that claim is governed exclusively by the provisions of California's workers' compensation system." Kacludis v. GTE Sprint Communications Corp., 806 F.Supp. 866, 870 (N.D.Cal.1992) (citing Cole v. Fair Oaks Fire Protection District, 729 P.2d 743, 750 (Cal.1987) (in bank)).
 
 
 20
 Accordingly, although Sullivan's workers compensation claim arguably tolled the statute, it also constitutes her sole remedy for her claim of intentional infliction of emotional distress. See Cole, 729 P.2d at 751 (stating that disciplinary hearings, demotions, and frictions in negotiations as to grievances are an inherent part of the employment setting covered by the exclusivity provision of the worker's compensation act).
 
 3. Negligent Misrepresentation
 
 21
 In her complaint, Sullivan claims that Aetna negligently misrepresented to her that she could only be terminated for cause. As sole evidence she provides the manual's disciplinary procedures. As discussed above, the manual clearly indicates that Sullivan had an at-will contract. Even assuming arguendo that the manual negligently misrepresented Sullivan's employment status, Sullivan's remedy lies exclusively in the provisions of the worker's compensation system. See Cole, 729 P.2d at 750; see also Kacludis, 806 F.Supp. at 870-72 (dismissing negligent misrepresentation claim based on exclusivity provision of worker's compensation system).
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Sullivan contends that Aetna breached the termination guidelines provided for in the manual, see, e.g., Foley, 765 P.2d at 388, her contention is not supported by the record
 
 
 [2]
 To the extent Sullivan appeals from the dismissal of her cause of action for breach of an express employment contract, we affirm the dismissal because Sullivan failed to show any evidence of an express contract. See Foley, 765 P.2d at 385
 
 
 [3]
 Sullivan's request in her brief for costs is denied. See Fed. R.App. P. 39(a). Sullivan's motion for sanctions is denied